NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241283-U

NO. 4-24-1283

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 10, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| HUNTER M. NEESE, | ) | No. 23DV46 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Randy Yedinak, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice Harris and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed, concluding the evidence was sufficient to prove defendant guilty of domestic battery beyond a reasonable doubt.

¶ 2   In September 2024, defendant, Hunter M. Neese, was convicted of two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)). The trial court merged the two counts and sentenced defendant to 18 months of conditional discharge. On appeal, defendant argues that the evidence was insufficient to prove his guilt beyond a reasonable doubt. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4   On October 4, 2023, the State charged defendant with two counts of domestic battery. Count I alleged defendant caused bodily harm to Skylar Luparell (720 ILCS 5/12-3.2(a)(1) (West 2022)). Count II alleged defendant made physical contact of an insulting or provoking nature with Skylar (*id.* § 3.2(a)(2)). Both counts alleged defendant struck Skylar with a door on

September 8, 2023.

¶ 5        In January 2024, the State filed a supplemental complaint adding a third count of domestic battery. (*id.*) Count III alleged defendant made physical contact of an insulting or provoking nature with Skylar "in that the defendant pushed Skylar" on September 8, 2023.

¶ 6                              A. Bench Trial

¶ 7        The trial court conducted defendant's bench trial on September 26, 2024. The parties submitted an agreed statement of facts in lieu of the trial transcripts. (We note although the document submitted by the parties is referred to as a bystander's report, there is no certification by the trial court, which is required for a bystander's report. However, pursuant to *People v. Gerwick*, 235 Ill. App. 3d 691, 692-93 (1992), "even without certification, we may accept the parties' agreed statement of facts as a substitution for a report of proceedings.")

¶ 8                              1. *Skylar*

¶ 9        Skylar and defendant were previously in a dating relationship but still "in the process of separating on September 8, 2023." That day, Skylar went to defendant's residence to retrieve some of her property. Defendant followed Skylar around and recorded her with his phone while she retrieved her belongings. When Skylar was searching for her cat, defendant bumped into her with his shoulder. Later, as she left defendant's residence, defendant slammed the door shut. Skylar was still in the doorway and the door struck her foot.

¶ 10                            2. *Regina Luparell*

¶ 11       Regina Luparell, Skylar's mother, testified she went to defendant's residence with Skylar on September 8. Regina did not go inside, but she could hear defendant arguing with Skylar for the duration of their visit. According to Regina, after Skylar located her cat, she began to exit defendant's residence. Before Skylar had completely exited the residence, defendant slammed the

door shut and she called out in pain when the door hit her foot.

¶ 12                                    3. *Defendant*

¶ 13          On September 8, Skylar came to his residence, kicked the door in to gain entry, and walked around looking for her cat. While she was looking for her cat, defendant followed her around and recorded video on his phone. One of the videos defendant recorded that day was admitted into evidence as defense exhibit No. 1 and played for the trial court. In the video, Skylar walks around the residence barefoot, looking for her cat and arguing with defendant. After they argue about the missing cat, defendant accuses Skylar of kicking in the door to his residence. The following interaction can be heard on the video:

> "Defendant: Well, you just busted the door in twice.
>
> Skylar: Actually, I didn't, I took the house key.
>
> Defendant: Where are the cops so they can actually come and get, remove you from my house, because you have nothing left in this house.
>
> Skylar: Where is my cat?
>
> Defendant: Skylar, you have nothing left in this house. Do you see your cat? Are you f*** retarded?
>
> Skylar: What did you do with her?
>
> Defendant: I didn't do anything with her.
>
> Skylar: Where the f*** is she?
>
> Defendant: You scared her when you tried to kick in the door twice, I don't know where she's at. You kicked in the door for 35 minutes. You have nothing left here dude."

The camera angle follows Skylar as she begins to exit the residence, pulling the front door inward

and pushing the exterior screen door outward. The screen door has a pneumatic door closer. As she is standing in the doorway, Skylar calls out, "I'm going to have to call animal control." The video ends before Skylar fully exits defendant's residence and does not capture the moment either the exterior screen door or front door closed. The video does not capture any physical contact between defendant and Skylar.

¶ 14        Defendant denied shoving or making any physical contact with Skylar. He also denied slamming the door on Skylar's foot and stated he was not even by the door when it shut.

¶ 15                                  B. Verdict

¶ 16        The trial court found defendant guilty of domestic battery as charged in counts I and II. Count III was dismissed on the State's motion. The court expressed disappointment "the State chose not to exercise its discretion and charged something that restricts the sentence to a conviction." The court found both Skylar's and Regina's testimony credible and expressed defendant's theory he may have accidentally closed the door on Skylar's foot was inconsistent with his denial of being at the door at all. (We note the agreed statement of facts does not contain any information about the parties' arguments during opening statements or closing arguments.) The court merged count II into count I and sentenced defendant to 18 months of conditional discharge.

¶ 17        This appeal followed.

¶ 18                               II. ANALYSIS

¶ 19        On appeal, defendant argues the evidence was insufficient to prove beyond a reasonable doubt he committed the offense of domestic battery.

¶ 20        When faced with a challenge as to whether the State has failed to prove a defendant's guilt beyond a reasonable doubt, this court must determine " 'whether, after viewing

the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Cunningham*, 212 Ill. 2d 274, 278 (2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[I]n applying this standard, we will neither reweigh evidence nor judge witness credibility; rather, we defer to the fact finder's credibility determinations." *People v. Acklin*, 2020 IL App (4th) 180588, ¶ 15. Further, we will not reverse a defendant's conviction for insufficient evidence " 'unless the evidence is so improbable or unsatisfactory that a reasonable doubt remains as to the defendant's guilt.' " *People v. McKown*, 2021 IL App (4th) 190660, ¶ 49 (quoting *People v. Harris*, 2018 IL 121932, ¶ 26).

¶ 21   To sustain a conviction for domestic battery under subsection (a)(1), the State must prove the defendant "knowingly without legal justification by any means *** cause[d] bodily harm to any family or household member." 720 ILCS 5/12-3.2(a)(1) (West 2022). Under subsection (a)(2), the State must prove the defendant "knowingly without legal justification by any means *** ma[de] physical contact of an insulting or provoking nature with any family or household member." *Id.* § 12-3.2(a)(2).

¶ 22   In this case, defendant was charged with domestic battery under both subsections for having "struck Skylar Luparell with a door." Defendant does not challenge that Skylar was a family or household member. Consequently, we will limit our analysis to whether the evidence was sufficient to prove the other requisite elements of domestic battery.

¶ 23         A. Bodily Harm

¶ 24   Count I alleged defendant "caused bodily harm to Skylar" when he struck her with the door.

¶ 25   Defendant contends the State failed to prove his guilt beyond a reasonable doubt

- 5 -

because it failed to prove Skylar suffered any bodily harm. In support of his contention, defendant asserts Skylar testified the door hit her foot but did not testify regarding any pain she suffered. Moreover, defendant argues that although Regina testified she heard Skylar cry out, it is probable Skylar cried out because she was surprised or startled when the screen door automatically closed on her foot. Defendant's argument is unavailing. At trial, Regina testified defendant slammed the door on Skylar's foot and this caused Skylar to "call out in pain." During its oral ruling, the trial court noted it found Skylar and Regina credible. This credibility determination is paramount because even "the testimony of a single witness, if positive and credible, is sufficient to convict, even though it is contradicted by the defendant." *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009). Consequently, because the court found Skylar's and Regina's testimony regarding defendant slamming the door on Skylar's foot causing her to call out in pain credible, the State presented sufficient evidence to prove she suffered physical pain.

¶ 26 Defendant further argues the State failed to prove Skylar suffered any "damage or injury" beyond physical pain. To support this argument, defendant highlights the State's failure to present any medical reports, photographs, or other evidence of any injury Skylar sustained when the door hit her foot. This argument is at odds with precedent from our supreme court. In *People v. Mays*, 91 Ill. 2d 251, 256 (1982), our supreme court determined bodily harm consisted of "*some sort of physical pain* or damage to the body, like lacerations, bruises[,] or abrasions, whether temporary or permanent." (Emphasis added.) Since the *Mays* decision, Illinois courts have found sufficient evidence of bodily harm even when "no medical attention was required and no evidence of injury was shown." *People v. Wenkus*, 171 Ill. App. 3d 1064, 1067 (1988); see *People v. Bell*, 2022 IL App (4th) 210452-U, ¶ 34 (finding sufficient evidence for bodily harm when the victim made facial expressions indicating physical pain). Based on this precedent, we find the evidence

of Skylar's pain, discussed *supra* ¶ 25, was sufficient to prove Skylar suffered bodily harm.

¶ 27                    B. Physical Contact of an Insulting or Provoking Nature

¶ 28        Count II alleged defendant "made contact of an insulting or provoking nature with Skylar" when he struck her with the door.

¶ 29        First, defendant contends the State failed to prove he made any contact with Skylar. Defendant suggests the automatic screen door slammed itself and could have clipped Skylar's foot. However, this court is not obligated to accept defendant's alternative theory of the case over the findings of the trier of fact. The trier of fact was under "no obligation" to formulate "possible theories of innocence" on defendant's behalf. *People v. Lee*, 2015 IL App (1st) 132059, ¶ 63. Likewise, we will not "search out possible theories of acquittal or invent hypotheticals and prefer them over the findings" of the trier of fact. *Id.* Our inquiry is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Cunningham*, 212 Ill. 2d at 278. Viewed in the light most favorable to the State, there was sufficient evidence presented for a rational trier of fact to determine defendant made physical contact. Two witnesses, whom the trial court found credible, testified defendant slammed the door on the victim's foot. Unlike the screen door, the main door of the residence closed outward and did not automatically shut. Defendant maintains that because Skylar was leaving and Regina was outside the home, neither could have seen defendant slam the door. However, in deciding sufficiency of the evidence, this court will not reweigh the credibility of witnesses. *Acklin*, 2020 IL App (4th) 180588, ¶ 15. Both witnesses testified defendant slammed the door shut, and the trial court found them to be credible. As an exterior doorway to the home, it is reasonable to believe a person in the doorway or a person outside the home could see defendant slamming the door.

¶ 30        Second, defendant argues the State failed to prove the contact was "insulting or

- 7 -

provoking." Whether physical contact is insulting or provoking is an objective standard. *People v. Davidson*, 2023 IL 127538, ¶¶ 16, 25. The State "need only prove that a reasonable person" under the circumstances "would have felt insulted or provoked by the physical contact." *Davidson*, 2023 IL 127538, ¶ 25. The objective standard considers the surrounding "context in which the contact occurred." *Davidson*, 2023 IL 127538, ¶ 19. However, the State need not prove the victim felt subjectively insulted or provoked. *Davidson*, 2023 IL 127538, ¶ 19. Here, viewed in the light most favorable to the State, there was sufficient evidence presented for a rational trier of fact to find defendant's conduct of slamming the door, causing it to hit Skylar's foot objectively insulting or provoking. The video evidence presented at trial showed the context of a tense argument and relational separation between Skylar and defendant.

¶ 31                                    C. Knowledge

¶ 32        Defendant also argues the State's evidence was insufficient to prove he knowingly slammed the door on Skylar's foot.

¶ 33        A person acts "knowingly" when he is "consciously aware that [the] result is practically certain to be caused by his conduct" or when he "acts intentionally." 720 ILCS 5/4-5(b) (West 2022). "The intent element of battery *** may be inferred from the circumstances of the offense as presented in evidence." *People v. Brown*, 163 Ill. App. 3d 976, 980 (1987).

¶ 34        Defendant asserts even if Skylar was hit by the door, the State failed to prove defendant knowingly hit her with the door. According to defendant, "[e]vidence that [defendant] hit [Skylar] in the back of the foot with the door because he negligently or recklessly miscalculated by a matter of inches whether she had cleared the threshold is insufficient as a matter of law" to prove defendant acted intentionally. However, this argument is at odds with defendant's testimony at trial. Defendant testified he was not near the door when it shut. This inconsistency was

highlighted by the trial court in its oral ruling. The court noted defendant's argument (presumably in closing argument) about the door closing on Skylar's foot being an accident was inconsistent with defendant's testimony that he was not near the door when Skylar exited the residence. Consequently, it is evident from the record the trial court found defendant's testimony was not credible and, thus, rejected defendant's argument the door was accidentally closed on Skylar's foot.

¶ 35 Alternatively, defendant contends Skylar could not have remained in the doorway long enough for him to form the requisite intent. However, the video shows an earlier instance in which Skylar stood in the doorway and held the screen door open while she and defendant argued. It is not so unreasonable or improbable for Skylar to have paused in the doorway upon leaving the residence. Further, defendant suggests Skylar left quickly, which caused the door to strike her foot. Contrary to defendant's suggestion, the door striking Skylar does not imply she left the residence quickly.

¶ 36 The record clearly establishes Skylar testified she was still in the doorway when defendant slammed the door, and Regina testified Skylar was not completely out of the residence. Based on this testimony and the video, there was sufficient evidence for the trial court to infer the intent element of battery from the circumstances of the event. When viewed in the light most favorable to the State, a rational trier of fact could reasonably infer defendant's conscious awareness slamming the door shut was practically certain to result in harmful physical contact to the victim.

¶ 37 As a final matter, we note defendant also raises, for the first time on appeal, a justified use of force argument. However, because an "issue concerning the affirmative defense cannot be raised for the first time on appeal, we need not consider it." *People v. Abrams*, 48 Ill. 2d

446, 458 (1971).

¶ 38                                        III. CONCLUSION

¶ 39            For the reasons stated, we affirm the trial court's judgment.

¶ 40            Affirmed.